IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05cr21 |
| | ) | |
| MICHAEL FEATHERSTUN, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Michael Featherstun's ("Defendant") Motion to Reduce Sentence [Dkt. 343] and Motion for Modification of the Length of Supervised Release [Dkt. 347]. For the following reasons, Defendant's Motion to Reduce Sentence will be denied and the Motion for Modification of the Length of Supervised Release will be denied.

**I. Background**

A grand jury returned a one-count indictment charging Defendant and nine others with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base. [Dkt. 1.] Two years later, in accordance with a written plea agreement, Defendant waived indictment and pled guilty to a criminal information charging him with conspiracy to distribute 500 grams or more of cocaine. [Dkts. 138, 139, 140.] The parties stipulated to several sentencing guidelines factors, including a

1

drug quantity of more than 3.5 kilograms of cocaine but less than 5 kilograms of cocaine and less than 50 grams of crack cocaine.  (Gov't's Opp. [Dkt. 349] at 2.)  This Court sentenced Defendant to 120 months of incarceration and a four-year term of supervised release.  [Dkt. 146.]

Defendant moved on November 20, 2014 to reduce his sentence in accordance with Amendment 782 to the U.S. Sentencing Guidelines.  [Dkt. 347.]  On March 10, 2015 Defendant notified the Court of his impending release.  (Notice to the Court [Dkt. 346].)  Defendant represented he was due to be released in early March.  (*Id.*)  Defendant then filed a motion to reduce the term of his supervised release, arguing that since he will not be able to get relief from confinement under Amendment 782, it is in the interest of justice for the Court to award him an alternative form of relief.  (Mot. to Reduce Supervised Release [Dkt. 347].)  The government opposes both motions.  In accordance with Local Criminal Rule 47(J), the Court dispenses with a hearing on the motions.  Having been fully briefed, these motions are ripe for disposition.

## II. Analysis

The United States Sentencing Commission ("Sentencing Commission") promulgated an amendment to the federal sentencing guidelines revising the guidelines applicable to drug trafficking offenses.  Notice of Submission to Congress, 79 Fed.

2

Reg. 25996 (May 6, 2014).  This amendment, known as Amendment 782, reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties, resulting in corresponding guideline ranges that include the mandatory minimum penalties, and made conforming changes to U.S. Sentencing Guidelines ("U.S.S.G.") § 2D2.11.  The effective date of the amendment was November 1, 2014.  *Id*.  However, the retroactive limitation of the two-level reduction was qualified by U.S.S.G § 1B1.10(e), which states: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015."  U.S.S.G. § 1B1.10(e).  In application note 6 to that guideline, the Sentencing Commission explained that while a court is not precluded from conducting sentencing reduction proceedings and entering orders before November 1, 2015, no such order reducing a defendant's term of imprisonment can take effect before November 1, 2015.  Put another way, any reduction in sentence cannot apply until November 1, 2015 or later.

According to the Bureau of Prisons, Defendant is currently in a residential reentry management field office in Washington, D.C. and has an anticipated release date of August 14, 2015.  Given that his release date is prior to November 1, 2015, the first date for which any such sentence reduction may

take effect, Defendant's motion for a reduction in sentence must be denied.[1]

Defendant appears to recognize this, as he has filed a motion to reduce his term of supervised release. (*See* Mot. to Reduce Term of Supervised Release ("Petitioner has am [sic] impending release date from confinement on or about the first or second week of March 2015. As such, the petitioner will not be able to get relief from confinement because he will be released soon.").) Under 21 U.S.C. § 841(b)(1)(B), the statute under which Defendant was sentenced,[2] a four-year term of supervised release is required. In other words, the Court *must* impose at least four years of supervised release in addition to a term of incarceration. Such a mandatory directive cannot be overridden by the Sentencing Commission or equitable considerations. *See United States v. Hood*, 556 F.3d 226, 233 (4th Cir. 2009) ("Because Amendment 706 did not purport to lower the statutory mandatory minimum – indeed, the Sentencing Commission has no authority to lower a statutory mandatory minimum – it did not have the effect of lowering [defendant's] Guidelines range."); *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009)

---

[1] If, for some reason, Defendant is still incarcerated on November 1, 2015, he may file another motion for a reduction in sentence.

[2] Defendant was charged with conspiracy to distribute 500 grams or more of cocaine under 21 U.S.C. § 846, which states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

("The original Guidelines range of 97 to 121 months had no bearing on what became [defendant's] Guideline sentence because the 240-month mandatory minimum subsumed and displaced the otherwise applicable guideline range.  Once the mandatory minimum applied, [defendant's] sentence was no longer based on a sentencing range that has been subsequently lowered by the Sentencing Commission.") (citations and internal quotation marks omitted); see also U.S.S.G. § 1B1.1, cmt. 1(a) (stating that a reduction in term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is inconsistent with the Sentencing Commission's policy statement if the amendment to the Guidelines range "is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."). Therefore, Defendant's motion for a reduction of the length of supervised release will be denied.

### III. Conclusion

For the following reasons, Defendant's motions are denied.  An appropriate order will follow.

|  |  |
|---|---|
|  | /s/ |
| May 7, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |